**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KATHARINE HUMPHREYS** | * | |
| *Plaintiff* | * | **Case No: 8:26cv-01677-TDC** |
| *v.* | * | |
| **U.S. FERTILITY, LLC** | * | |
| *Defendant.* | * | |

*****************************************************************************

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS OUT OF TIME**

Plaintiff, through counsel, hereby respectfully requests the Court allow her to file an Opposition to the Agency's Partial Motion to Dismiss out of time.

On May 21, 2026, the Court entered an Order permitting Plaintiff to file an Amended Complaint by June 12, 2026; Defendant to file its proposed Partial Motion to Dismiss by June 26, 2026; and Plaintiff to file an opposition by July 10, 2026. ECF No. 12. Plaintiff timely filed her Amended Complaint, and Defendant thereafter filed a Partial Motion to Dismiss directed solely to Plaintiff's hostile-work-environment claim. ECF Nos. 16, 16-1.

Plaintiff acknowledges that she did not file a separate opposition by July 10, 2026. Counsel mistakenly understood that the amendments to the Complaint addressed the deficiencies identified in Defendant's proposed motion and that no further response was required because Defendant's filed motion raised no new grounds for dismissal, and Defendant filed it after initiating discovery. Upon reviewing Defendant's July 24, 2026, Reply and Notice of No Opposition, ECF No. 17, counsel recognized the error and promptly prepared the accompanying Opposition.

Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to extend an expired deadline where the failure to act resulted from excusable neglect. Relevant considerations include prejudice, the length and effect on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *United States v. $12,914.00 in United States Currency*, 828 F.Supp. 2d 822 (D. Md. 2011) (noting that inadvertence of counsel should not preclude a claimant from pursuing their claim); *Curtis v. Evans,* 2004 U.S. Dist. LEXIS 9611 (D. Md. 2004) ("the district court, in its discretion, may decide whether to consider an untimely motion").

Those factors favor accepting Plaintiff's Opposition. Defendant will suffer no material prejudice because the Court has not ruled on the motion. The delay will not disrupt the case schedule. The parties have already begun discovery based on the claims pleaded in the Amended Complaint, including the hostile-work-environment claim, and the Scheduling Order directed discovery to proceed while the Partial Motion to Dismiss remains pending. ECF No. 13.

The missed deadline resulted from counsel's misunderstanding, not bad faith, willful disregard of the Court's Order, or an effort to obtain a tactical advantage. Plaintiff timely amended her Complaint, has continued prosecuting this action, and acted promptly once the mistake became apparent.

This Court has accepted untimely oppositions where the delay caused no material prejudice and consideration of the filing promoted resolution on the merits. *See Jones v. Family Health Ctrs. Of Balt., Inc.,* 307 F.R.D. 457 (D. Md. 2015); *Gross v. Morgan State Univ.,* 308 F.Supp. 3d 861 (D. Md. Apr. 18, 2018) (noting the court has discretion to allow an untimely opposition when the delay is short, and the moving party fails to show it was harmed by the delay).

Consideration of Plaintiff's Opposition is also appropriate because Defendant seeks dismissal with prejudice, while its proposed order improperly requests judgment on "all claims herein," even though its motion challenges only the hostile-work-environment claim. ECF No. 16-2.

Accordingly, Plaintiff respectfully requests that the Court grant leave to file the accompanying Opposition.

Date: July 28, 2026

Respectfully Submitted,

_/s/ Abbas S. Sadiq_
Abbas S. Sadiq, Esquire
Federal Bar #31831
**Sadiq Law Group, LLC**
555 Quince Orchard Rd, Suite 280
Gaithersburg, Maryland 20878
301-241-0110 | abbas@sadiqlawgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 28th day of July 2026, a foregoing Plaintiff's Motion for Leave to File Opposition to Defendant's Partial Motion to Dismiss Out of Time was electronically filed and served via CM/ECF system upon all counsel on record:

Jeffery W. Larroca, Esq.
**Eckert Seamans Cherin & Mellot, LLC**
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, DC 20006
JLarroca@eckertseamans.com
*Counsel for Defendant*

*/s/ Abbas S. Sadiq*
Abbas S. Sadiq, Esquire