**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| Katharine Humphreys, | * | |
| Plaintiff, | * | |
| vs. | * | Case No.: 8:26-cv-01677-TDC |
| U.S. Fertility, LLC, | * | |
| Defendant. | * | |

**DEFENDANT U.S. FERTILITY, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN OPPOSITION OUT OF TIME**

Defendant U.S. Fertility, LLC ("U.S. Fertility") opposes Plaintiff Katharine Humphreys's ("Plaintiff" or "Ms. Humphreys") Motion for Leave to File Opposition to Defendant's Partial Motion to Dismiss Out of Time (the "Motion") [ECF No. 19].[1] Plaintiff's counsel has not established excusable neglect for failing to comply with the Court's May 21, 2026 Order [ECF No. 12]. In support of its opposition, U.S. Fertility states as follows:

Counsel's reliance on the *Pioneer* factors is incomplete. He ignores the factor that weighs most heavily against granting Plaintiff's Motion: "the reason for the delay, including whether it was within the reasonable control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partn.*, 507 U.S. 380, 395 (1993). Counsel's stated reasons for missing the Court-ordered deadline were entirely within his control and therefore weigh heavily against a finding of excusable neglect under *Pioneer*.

---

[1] Defendant notes that Plaintiff failed to comply with Local Rule 105.9, which requires counsel, before filing a motion to extend the time for filing a document, to attempt to obtain opposing counsel's consent and state in the motion whether such consent was obtained. Plaintiff neither sought Defendant's consent before filing the Motion nor stated in the Motion whether such consent had been obtained.

First, Counsel asserts that he missed the filing deadline because he believed "the amendments to the Complaint addressed the deficiencies" identified in Defendant's proposed motion to dismiss. (Mtn. at 1.) Counsel further asserts that Defendant's filed Partial Motion to Dismiss raised "no new grounds for dismissal" and that no response was therefore required. (*Id.*) Neither explanation establishes excusable neglect. Counsel received notice through CM/ECF that Defendant had filed a motion seeking dismissal of one of Plaintiff's claims. The Court's Order also expressly stated that "Plaintiff may file a memorandum in opposition to the Motion by Friday, July 10, 2026." [ECF No. 12.] Counsel's timely filing of the Amended Complaint by the deadline established in the same Order further demonstrates his awareness of the Court's schedule. The deadline to oppose the Partial Motion to Dismiss was therefore clear, and counsel's mistaken belief that no opposition was required does not constitute excusable neglect. *See German v. Akal Sec., Inc.*, No. CIV. CCB-11-1242, 2012 WL 1203942, at *2 (D. Md. Apr. 10, 2012) (denying an extension of time where plaintiff failed to "identify any ambiguity in the language" of the court's order establishing the filing deadline, concluding "the only plausible inference is that plaintiff's counsel either did not read the order or did not prioritize meeting the deadline.")

Counsel's reliance on the commencement of discovery is similarly unpersuasive. Counsel acknowledges that "the Scheduling Order directed discovery to proceed while the Partial Motion to Dismiss remains pending." (Mtn. at 2.) Nevertheless, he suggests that no response was required because Defendant filed its motion after initiating discovery. (*Id.* at 1.) The Order expressly contemplated that discovery and briefing on the Partial Motion to Dismiss would proceed simultaneously. Moreover, Defendant's discovery requests did not concern Plaintiff's hostile work environment claim. The commencement of discovery therefore provided no reasonable basis to disregard the Court-ordered opposition deadline.

Defendant acknowledges that it is within this Court's discretion whether to grant Plaintiff's Motion. Nevertheless, Plaintiff's proposed Opposition does not cure the pleading deficiencies identified in Defendant's Partial Motion to Dismiss. Rather, it reiterates the same allegations and asks the Court to draw inferences unsupported by the facts in Plaintiff's Amended Complaint. Accordingly, consideration of the untimely Opposition would not change the outcome of Defendant's Partial Motion to Dismiss.

For these reasons, U.S. Fertility respectfully requests that the Court deny Plaintiff's Motion for Leave to File Opposition Out of Time and grant Defendant's Partial Motion to Dismiss. Alternatively, if the Court grants Plaintiff's Motion, U.S. Fertility respectfully requests leave to file a reply within the time prescribed by Local Rule 105.2(a).

Dated: August 11, 2026

Respectfully submitted,

*/s/ Asha Brownlee*

Asha Brownlee, Bar No. 32173
Jeffrey Larroca, Bar No. 22735
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
Telephone: 202-659-6646
Facsimile: 202-659-6699
JLarroca@eckertseamans.com
ABrownlee@eckertseamans.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Asha Brownlee*
Asha Brownlee